■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT PERRY, Appellant. [958 NYS2d 124]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression hearing; Ronald A. Zweibel, J., at plea and sentencing), rendered June 21, 2010, as amended July 21, 2010, convicting defendant of criminal impersonation in the second degree, and sentencing him to a term of one year, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant did not preserve his present suppression arguments, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. A police officer saw a light flash on a turnstile after defendant swiped a MetroCard, indicating that defendant had used a reduced fare card that only a senior citizen or a person with a qualifying dis-

ability would be authorized to use. Since the 28-year-old defendant appeared to be neither, the officer had, at least, a founded suspicion of criminality justifying a common-law inquiry, and the officer's conduct in asking defendant to show identification and the MetroCard he had just used did not exceed the bounds of such an inquiry (*see People v Francois*, 61 AD3d 524 [1st Dept 2009], *affd* 14 NY3d 732 [2010]; *see also United States v Gregg*, 463 F3d 160, 166 [2d Cir 2006] [finding reasonable suspicion for stop based on use of reduced fare MetroCard by person appearing neither elderly nor disabled]). When defendant produced a MetroCard in someone else's name and with someone else's picture, the officer had probable cause to arrest him and to conduct a search incident to arrest. Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ.